IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


ROTHWELL V. SCHNEIDER


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


WHITNEY J. ROTHWELL, APPELLANT,

V.

JORDAN K. SCHNEIDER, APPELLEE.


Filed February 22, 2022.    No. A-21-400.


Appeal from the District Court for Holt County: MARK D. KOZISEK, Judge. Affirmed in part as modified.

Charles M. Bressman, Jr., of Bressman, Hoffman & Jacobs, P.C., L.L.O., for appellant.

Bergan E. Schumacher, of Bruner, Frank, Schumacher & Husak, L.L.C., for appellee.


PIRTLE, Chief Judge, and RIEDMANN and BISHOP, Judges.

RIEDMANN, Judge.

## I. INTRODUCTION

Whitney J. Rothwell appeals the order of the district court for Holt County, Nebraska, modifying a custody decree issued in an Iowa court. We find no abuse of discretion in the portion of the district court's order that granted sole legal custody of the child to Jordan K. Schneider or that denied additional weekend parenting time to Rothwell and affirm as written. We find an abuse of discretion in the altering of the holiday parenting plan, and modify the order accordingly.

## II. BACKGROUND

Rothwell is the biological father and Schneider is the biological mother of a daughter, born in 2014. In December 2016, a district court in Iowa issued a final order on Rothwell's petition to establish custody, visitation, and child support. Based upon the parties' stipulations, the Iowa court awarded joint legal custody to both parties and awarded primary physical care to Schneider. Once

- 1 -

the child reached school age, Rothwell's parenting time would be every other weekend from Friday through Sunday. Since Rothwell lived in Arthur County, Nebraska, and Schneider lived in Sioux City, Iowa, the parties were to exchange the child in O'Neill, Nebraska. The order set forth that "[t]he parties shall participate equally in decisions affecting the education, religious training, medical care, extracurricular activities, legal status and all other matters relating to the child." It further required that "[t]he parties shall communicate regularly concerning matters affecting the well-being of the child." Rothwell was ordered to pay $550 per month in child support. A nunc pro tunc order was issued to clarify certain provisions in the initial order, but did not disturb the legal or physical custody arrangement, parenting time, or the child support.

After the decree was entered, Rothwell moved to Edison, Nebraska, and Schneider moved with the child to O'Neill. On June 12, 2019, Rothwell petitioned the district court for Holt County, Nebraska, to register the final order and order nunc pro tunc as a foreign custody and support decree pursuant to Neb. Rev. Stat. §§ 43-1252 and 42-744 (Reissue 2016).

On July 11, 2019, Rothwell filed a complaint to modify, alleging that there had been material and substantial changes in circumstances that warranted a modification in custody, including: Schneider and the child moved from Iowa to O'Neill; Schneider changed the residence, daycare, and school for the child without notifying Rothwell; Schneider refuses to agree on a new half-way meeting point; Schneider refuses to allow Rothwell to participate equally in decisions affecting the education, religious training, medical care, extracurricular activities, legal status, and all other matters relating to the child; Schneider refuses to regularly communicate with Rothwell regarding matters affecting the well-being of the child; Schneider refuses to allow communication between Rothwell and the child; Schneider moves frequently and does not provide a stable home environment; Schneider does not take proper steps to address the child's behavior issues; Schneider is not acting in the best interest of the child; and it is no longer in the best interest of the child to be in the care, custody, and control of Schneider. Rothwell requested primary physical custody of the child, or in the alternative, increased parenting time. Additionally, Rothwell sought sole legal custody, and an order modifying the child support amount and other provisions of the orders. Schneider filed a counterclaim, requesting sole legal custody of the child because Rothwell failed to cooperate on decisions affecting the child's health.

Prior to trial on the competing claims, the parties agreed that primary physical custody would remain with Schneider. The remaining issues for trial would be legal custody, child support, Rothwell's request to expand parenting time, the location of the exchange site, clarification on Rothwell's right to electronic communication with the child, specific language regarding potential counseling for the child, and an additional provision regarding communication between the parties.

Rothwell and Schneider were the only two witnesses to testify at trial. The following evidence is pertinent to the assigned errors. Communication has been a serious issue between the parties. Both parties agree it has been an issue. Rothwell has missed parenting time due to weather events about 10 to 15 times, and Schneider has refused each of Rothwell's requests to make up that missed parenting time. Rothwell was married in 2018, and the child was not able to attend Rothwell's wedding because Schneider did not grant Rothwell additional parenting time despite him presenting multiple options. Schneider chose the child's school, doctor, and dentist, all without Rothwell's input. Rothwell does not have an issue with those decisions, nor did he suggest any other options for a doctor or dentist.

Rothwell testified that it would benefit his daughter if she was able to spend more time with him. Together, they go on hiking trips, camping trips to the lake, golfing, and read books. He requested that he be granted additional parenting time on a Monday or Friday on his weekends if the child was off of school that day. Rothwell also testified that he has attempted to reach Schneider by phone and email, but does not usually receive a response. He explained that he has tried to exercise his phone privileges with his daughter, but Schneider rarely answers her phone, nor does she call him back.

Schneider and the child have lived in O'Neill since September 2018 with Schneider's parents. The child is in kindergarten, is doing very well in school, and has no reports of behavioral or learning issues. Schneider testified that the child is not participating in extracurricular activities because she receives "pushback" from Rothwell regarding any decision that she makes on behalf of the child. She defined "pushback" as Rothwell not acknowledging information with a thank you, but instead asking "Why didn't you do this sooner" and "I want this done and I want it like that." Schneider stated that she does not respond to every text message due to the pushback received, and she is uncomfortable communicating with Rothwell. She directs Rothwell to communicate with the medical and dental providers directly, due to his questions and her desire to avoid miscommunications.

Schneider believes the communication issues with Rothwell make joint legal custody incredibly difficult. She stated that it was in the child's best interests for her to have sole legal custody, because "without the constant pushback" from Rothwell, she "would be able to freely make those decisions without the pushback, without the worry of what's going to come; how is this going to work out." She "could make that sole focus on [the child]." Schneider understands and is willing to inform Rothwell of decisions regarding health, education, and religion, even if she is awarded sole legal custody.

Regarding the counseling issue, Schneider does not currently have concerns about her daughter's behavior, viewing thumb sucking and temper tantrums as normal childhood behavior. The child's school and medical provider have not relayed any concerns about the child's behavior or mental health. Schneider is not unwilling to take the child to counseling, but does not feel it is necessary at this time.

During closing arguments, Rothwell's counsel asked for 12 hours advanced notice of appointments, and additional parenting time during the summer. Schneider was agreeable to continuing parenting time on alternating weekends, increased parenting time over the summer, scheduled phone calls, and a new exchange site; she was resistant to modification of child support and the counseling issue because she did not have behavioral concerns about the child.

In response to Rothwell's counsel's argument that Rothwell should not be stripped of legal custody, the court stated:

We are going to have a problem if I maintain joint legal custody because they will never be able to agree. And I -- I can require them to discuss; I can require them to notify and discuss, but based upon what I have heard, the expectation of them to be able to come to some mutual agreement might be next to nil.

The district court summarized its understanding of Rothwell's testimony as not so much a dissatisfaction with the choices made by Schneider, but rather dissatisfaction with the lack of

notification he was receiving. Rothwell's counsel replied, "Precisely right. And that is what we're looking for. Accurately hit the nail on the head. That is all we're looking for --."

Following the trial, the district court issued an order modifying the original Iowa orders. It found a material change in circumstances due to the parties' lack of communication, and found it was in the best interests of the child for Schneider to have sole legal custody. Regarding parenting time, the alternating weekend parenting time remained the same, and Rothwell was granted three additional weeks of parenting time in the summer, bringing his summer total to six continuous weeks. He was not granted the additional Monday or Friday when the child's day off of school corresponded to his weekend parenting time. The exchange location was adjusted to a halfway point between O'Neill and Edison. Regarding communication with the child, the modification order sets a window for the communication and requires that Schneider make the child available for contact. Schneider was ordered to inform Rothwell in advance of school decisions, participation in religious activities, and doctor or dentist appointments. Child support was adjusted to $474 per month. The order does not specifically address the issue of potential counseling for the child. Rothwell timely appealed.

## III. ASSIGNMENTS OF ERROR

Combined, restated, and renumbered, Rothwell assigns that the district court abused its discretion when it (1) awarded Schneider sole legal custody, (2) modified the parenting plan terms agreed to by the parties, and (3) refused to expand Rothwell's parenting time.

## IV. STANDARD OF REVIEW

Child custody and parenting time determinations are matters initially entrusted to the discretion of the trial court, and although reviewed de novo on the record, the trial court's determination will normally be affirmed absent an abuse of discretion. *Schrag v. Spear*, 290 Neb. 98, 858 N.W.2d 865 (2015); *State on behalf of Maddox S. v. Matthew E.*, 23 Neb. App. 500, 873 N.W.2d 208 (2016).

An abuse of discretion occurs when a trial court bases its decision upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Schrag v. Spear, supra*. A judicial abuse of discretion requires that the reasons or rulings of the trial court be clearly untenable insofar as they unfairly deprive a litigant of a substantial right and a just result. *Id*.

In child custody cases, where the credible evidence is in conflict on a material issue of fact, the appellate court considers, and may give weight to, the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Id*.

## V. ANALYSIS

### 1. MODIFICATION OF CUSTODY

The legal principles governing modification of child custody are well settled. Ordinarily, custody of a minor child will not be modified unless there has been a material change in circumstances showing that the custodial parent is unfit or that the best interests of the child require such action. *Schrag v. Spear, supra*. A material change in circumstances means the occurrence of

something which, had it been known to the dissolution court at the time of the initial decree, would have persuaded the court to decree differently. *Id*.

Based upon the relief requested and the communication issues presented, we do not find an abuse of discretion in the modification order. Rothwell assigns that the district court erred and abused its discretion when it awarded Schneider sole legal custody. He argues that awarding sole legal custody to Schneider rewards her behavior and punishes Rothwell by stripping him of his custodial rights. The district court had no expectation that the parties would be able to come to a mutual agreement on decisions regarding the child, putting the chances at "next to nil." The joint legal custody arrangement was not working, and a modification was needed for the child's best interests.

### (a) Material Change in Circumstances

The district court found that the communication, or lack thereof between the parties, was a material change in circumstances. Communication is an essential requirement for joint custody to be successful. *Klimek v. Klimek*, 18 Neb. App. 82, 775 N.W.2d 444 (2009). Both parties testified that communication was a serious issue, it was not working between them, and it was not entirely the other parent's fault. Based on the evidence presented at trial, the district court did not abuse its discretion in finding that a material change in circumstances had occurred.

### (b) Best Interests of Child

Before custody may be modified based upon a material change in circumstances, it must be shown that the modification is in the best interests of the child. *Schrag v. Spear, supra*. The district court determined that based upon the parties' agreements, the evidence offered, and the arguments presented, granting Schneider sole legal custody was in the child's best interest. It did not elaborate further.

Legal custody focuses entirely on decision-making authority and is defined as the authority and responsibility for making fundamental decisions regarding the child's welfare, including choices regarding education and health. *State on behalf of Kaaden S. v. Jeffery T.*, 303 Neb. 933, 932 N.W.2d 692 (2019). And courts typically do not award joint legal custody when the parties are unable to communicate effectively. *Lasu v. Lasu*, 28 Neb. App. 478, 944 N.W.2d 773 (2020). Similar to the situation in *Lasu v. Lasu, supra*, there is room for improvement in the quality and frequency of Schneider's communication with Rothwell regarding the child's medical care and education. Rothwell expressed frustration with his lack of input, but did not disagree with the medical providers, daycare, or school selected by Schneider.

Despite Rothwell's request for sole legal custody in his complaint to modify, he offered a proposal at trial as an aid to the court, proposing that the parties maintain joint legal custody. However, it is clear that joint legal custody was not working between the parties. Rothwell testified that Schneider had been making the majority of the decisions and he had no objection to the choices made, particularly as it related to medical and dental care. He further testified that if the parties could not agree on something such as a physician and it was not an emergency situation, he would defer to Schneider as the physical custodial parent. When asked by the court for a suggestion on "how to fix" the communication issue, Rothwell responded that he wanted more warning in

advance of appointments and a quicker response from Schneider when he inquires about his daughter.

In conjunction with awarding sole legal custody to Schneider, the court ordered that she notify Rothwell "at a meaningful time, in advance of any decision regarding enrollment in school, the beginning of participation in religious activities and other significant events and activities involving the child." In addition, Schneider was ordered to provide notice of doctor and dentist appointments within 4 hours of scheduling them, unless it was an emergency appointment. Finally, the court ordered that "[t]he parents shall freely discuss these areas with one another, in an effort to reach an agreement on these issues. In the event the parents cannot agree, the custodial parent shall have the final voice in these matters."

Considering the remedy requested by Rothwell, the relief ordered by the court, and the fact that joint legal custody was unsuccessful, we find no abuse of discretion in the court's award of sole legal custody to Schneider. The record reflects that she has been primarily responsible for the child's care and she has been the primary decisionmaker regarding her welfare throughout the child's life. Rothwell had no tangible complaint about the decisions she had made, and acquiesced in the court awarding her final decision-making authority if the parties were unable to agree on an issue.

We recognize that Rothwell asserts that the communication problems are primarily a result of Schneider's refusal to communicate with him and the record supports his allegations that Schneider has refused to make reasonable accommodations. She refused to change the exchange location despite relocation of the parties; she denied alternate parenting time when weather related issues precluded Rothwell from exercising his specific dates; she remained inflexible when Rothwell requested parenting time so their child could attend his wedding; and she made medical, dental, and school decisions without input from Rothwell. Certainly such actions are not done with the child's best interests in mind. However, considering that Schneider had uncontested sole physical custody of the child, granting sole legal custody to Rothwell would likely have been unworkable. Because Rothwell sought a custody modification as opposed to pursuing his contempt action, the options were to either maintain joint legal custody or award sole legal custody to Schneider. While we do not condone a custodial parent's disregard of the noncustodial parent's rights to be actively engaged in decision-making for his child, given our standard of review upon the record presented, we find no abuse of discretion in awarding sole legal custody to Schneider.

## 2. MODIFIED HOLIDAY PARENTING TIME

Rothwell assigns that the district court erred and abused its discretion by modifying the parenting plan terms agreed to by the parties, in particular, the holiday parenting plan. Rothwell argues that Nebraska law gives "exceptional" weight to stipulations between parties, but does not provide any Nebraska case law to support his argument. Rothwell argues that Schneider stipulated to keeping the holiday schedule as is.

The trial court has discretion to set a reasonable parenting time schedule. *Thompson v. Thompson*, 24 Neb. App. 349, 887 N.W.2d 52 (2016). The determination of reasonableness is to be made on a case-by-case basis. *Id*. Rothwell asked for the district court to increase his parenting time; therefore, he necessarily placed the whole of the parenting plan before the district court for review. See *Tilson v. Tilson*, 307 Neb. 275, 948 N.W.2d 768 (2020) (because father was on notice

that parenting time was at issue, and had opportunity to put on evidence pertinent to parenting time schedule, court did not exceed scope of pleadings or rule without notice to father in modifying his parenting time). While Rothwell does not appeal the additional time he received in the summer, he argues the district abused its discretion in altering the holiday plan.

The modification order switches the even and odd years for holiday parenting time from the initial order. In the initial order, Rothwell has the child for Easter, Fourth of July, Thanksgiving, New Year's Day (second half of Christmas), and Father's Day, for the even-numbered years. After the modification, Rothwell would have the child for those same holidays but in odd-numbered years. In the initial order, Rothwell has the child for Memorial Day, Labor Day, Christmas Vacation (first half), and Father's Day, for the odd-numbered years. After the modification, Rothwell has the child on those same holidays in even-numbered years and also on the child's birthday. As a result of the modification, each parent would have the same holidays 2 years in a row when the modification goes into effect. We find this to be an inadvertent abuse of discretion, and modify the order as follows: The noncustodial parent shall have parenting time with the child as follows:

3.b. Holidays

i. In even-numbered years, holiday parenting time with the child for the following holidays: Easter, Fourth of July, Thanksgiving, and New Year's Day.

ii. In odd-numbered years, holiday parenting time with the child for the following holidays: Memorial Day Weekend, Labor Day Weekend, Christmas, and the child's birthday.

We do not find the minor changes to the days within the holidays, i.e., the shortening of Father's Day and Mother's Day from the weekend to a singular day or changing the Christmas exchange from the 26th to the 27th, to be an abuse of discretion by the district court, especially when considering Rothwell's increased parenting time during the summer.

### 3. FAILURE TO EXPAND ROTHWELL'S PARENTING TIME

Rothwell assigns that the district court erred and abused its discretion by refusing to expand his parenting time. He argues that the district court should have also granted his request for an additional Monday or Friday to his alternating weekends, if the child did not have school. We find no abuse of discretion in the district court's decision not to modify the weekend parenting time.

Parenting time determinations are matters initially entrusted to the discretion of the trial court, and although reviewed de novo on the record, the trial court's determination will normally be affirmed absent an abuse of discretion. *Olander v. McPhillips*, 28 Neb. App. 559, 947 N.W.2d 578 (2020). Rothwell asked for additional parenting time, including the entire summer break excluding the first 5 days and the last 5 days, as well as the additional day mentioned above. The district court granted him an additional 3 weeks in the summer, for a total of 6 continuous weeks.

Rothwell requested an additional day on his parenting time weekends. He testified that about once a month his daughter's school had a teacher's day off on a Monday or Friday. Rothwell did not provide any evidence to prove how many of these days would fall on weekends during which he had parenting time. Therefore, we are unable to determine whether his request would

have resulted in any significant additional time. Consequently, we find no abuse of discretion in the district court's decision not to modify the weekend parenting time.

## VI. CONCLUSION

We determine that the district court did not abuse its discretion in modifying legal custody or in declining to expand Rothwell's weekend parenting time. We affirm as modified the district court's order as to the holiday parenting time.

AFFIRMED IN PART AS MODIFIED.